**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 3, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP345-CR**

Cir. Ct. No. **2017CF2731**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JEREMY Y. ABEYTA,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Dane County: NICHOLAS McNAMARA, Judge. *Affirmed*.

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Jeremy Abeyta appeals a judgment of conviction and an order denying his postconviction motion.   The issue is whether Abeyta should be allowed to withdraw his guilty pleas on the ground that they were not voluntary due to his belief that a physical threat had been made against him.   We affirm.

¶2      Abeyta pled guilty to two counts of second-degree sexual assault of a child involving two different children.   Pursuant to the plea agreement, two additional counts of sexual assault of a child involving two other children were dismissed and read in at sentencing.   During the plea colloquy, the circuit court asked:   "So has anybody threatened you in any way to try to force you to give up the right to trial and enter these pleas today?"   A somewhat lengthy discussion of this topic followed.

¶3      Abeyta told the circuit court that the father of two of Abeyta's victims had "put on facebook and other things that he's going to shoot me when he sees me."   The court asked questions to learn what role this threat played in Abeyta's decision to plead.   The court said, "But I'm trying to understand if you're entering your pleas today only if you feel threatened by [the father], or because even though you've been threatened, you still just want to enter the pleas today and this is what you voluntarily want to do, whether anything about [the father] or not.  What is it?"  Abeyta responded:  "It's both."

¶4      Abeyta explained:

> The biggest one is being shot, but I also feel that these kids don't need to go through the jury, and they don't need to go through being a witness.  I think it's too young, they're too young for that, and I'm a man of big belief and whatever I'm going through I want to get it done because of both reasons.  Is one of the biggest reasons I'm doing this.  But I

2

also don't want those kids to go through this. This is too much for them.

¶5 The court said:

I'm glad you told me about [the father's] threat. It's important for me to understand that. I still need to determine though if your pleas today and your agreement to go through with this proceeding, and in other words to give up your right to the trial, is a voluntary choice. Is this what you're voluntarily choosing to do?

¶6 Abeyta answered:

Yes. But there's no easy way to answer this for me. Because they're both, I want to volunteer because like I told you they're too young to go through this. This isn't something that kids are supposed to go through. So I'm doing this for two reasons. One, I don't want to get shot. I don't want to die, because that's the way he's putting it all over facebook that when he sees me, he's definitely going to shoot me. And I do believe it because he carries weapons.

….

So I'm seeing it happen, but then I voluntarily want to do it because like I said [the children are] too young to go through this and that's my voluntary part.

¶7 Eventually, Abeyta said, "I voluntarily accept the guilty." Abeyta explained: "I don't want no one to go through this especially at the ages that they're at …. I don't think it's fair. I don't think it's right of me. I don't think it's right of me to put anybody in this kind of line of decision …. So that's why I'm definitely going to, I'm volunteering that about these two charges." The circuit court found the pleas to be voluntary and accepted them.

¶8 Abeyta's postconviction motion sought to withdraw his pleas. It quoted the discussion from the plea colloquy, and asserted that "this exchange

demonstrates that Mr. Abeyta's plea was coerced." The motion did not add any additional factual allegations.[1]

¶9    The circuit court held evidentiary hearings at which Abeyta testified, a family friend testified about the threat, and recordings of several of Abeyta's telephone calls while in jail were introduced. The court denied Abeyta's postconviction motion on the ground that his plea was voluntary:

> Mr. Abeyta believed a victim's father had threatened him, and he was concerned about that threat. But on the entirety of the record for this motion, the Court finds that Mr. Abeyta was not intimidated or coerced by the threat to enter his pleas. He was not deprived of free will for making choices about how to proceed in his case. He was aware of his choices to plea or go to trial, and he voluntarily chose to plea for the advantages he expected to realize at sentencing, and not a result of any threat.

¶10    There are two methods to obtain plea withdrawal after sentencing. The difference between them relates mainly to which party has the burden of proof if an evidentiary hearing is held. Under one method, if the circuit court failed to satisfy a plea colloquy duty, the burden shifts to the State to prove by clear and convincing evidence that the plea is valid. *State v. Howell*, 2007 WI 75, ¶¶27-30, 301 Wis. 2d 350, 734 N.W.2d 48. The other method does not require a plea colloquy defect. Instead, the defendant makes factual allegations about the grounds for plea withdrawal, potentially including allegations about matters outside the existing record, and then the defendant bears the burden of proof to establish a basis for plea withdrawal. *Id.*, ¶¶72-77.

---

[1] The State's brief incorrectly asserts that Abeyta's motion followed this court's rejection of a no-merit report filed by Abeyta's attorney. The no-merit appeal was actually dismissed at counsel's request so he could pursue this issue.

¶11     Under the first method, Abeyta fails to show that the circuit court failed to satisfy a plea colloquy duty.  The relevant court duty at the colloquy is to "[a]scertain whether any promises, agreements, or threats were made in connection with the defendant's anticipated plea."  *State v. Brown*, 2006 WI 100, ¶35, 293 Wis. 2d 594, 716 N.W.2d 906.  The court did so here.  As described above, it ascertained that Abeyta believed that a threat had been made against him and questioned Abeyta extensively as to whether this belief might be a factor in Abeyta's decision to plead.

¶12     Abeyta argues that, because of his statements during the colloquy about the role of the threat in his plea decision, the circuit court "had a duty to reject the plea" as not voluntary.  However, Abeyta has failed to provide the legal source for such a duty.  Under the case law cited above, the inquiry regarding plea colloquy duties does not include an analysis of the decision that the court made based on the information it obtained during the plea colloquy.

¶13     Because there was no plea colloquy defect here, the other method for plea withdrawal requires that Abeyta prove by clear and convincing evidence that his plea was not voluntary.  We accept the circuit court's findings of historical and evidentiary fact unless they are clearly erroneous, but we determine independently whether those facts demonstrate that the defendant's plea was knowing, intelligent, and voluntary.  *Id.*, ¶19.  In this appeal, we regard the circuit court's determination of Abeyta's motives for pleading guilty as a finding of historical and evidentiary fact.

¶14     The circuit court found that, although Abeyta sincerely believed that a threat had been made against him, he did not prove that this threat played a significant role in his decision to plead guilty, and instead Abeyta pled guilty to

realize the potential sentencing benefits of the plea. The court relied heavily on a recorded telephone conversation between Abeyta and his mother the day before the plea hearing. The court regarded that conversation as strong evidence of Abeyta's "true state of mind" regarding his plea, because in it "he is not concerned about [the victims' father] or any threats, they are not mentioned at all; he is only worried about the bad situation he is in, that he is likely to lose at trial, and that the pleas could give him less time for incarceration, '[a] lot less time, possibly even parole.'"

¶15    Abeyta's argument on appeal does not engage with the evidence that supports the court's finding about his motives for pleading guilty. He does not expressly acknowledge the content of the conversation with his mother. Instead, he relies mainly on his own postconviction testimony that he pled because of the threat. He also relies on his statements during the plea colloquy, but he overstates the strength of that evidence by arguing that it "clearly shows" that the threat was "foremost" in his mind. The colloquy shows, at most, that the threat was one factor he was considering.

¶16    Abeyta acknowledges that there were "other factors" involved in his decision to plead guilty, but he asserts that those other factors "pale" in comparison to his fear of the victims' father. However, the circuit court found that he had not proved that this was true, and that he instead pled because he had a weak defense and sought the benefits of a plea. Abeyta has not persuaded us that this finding was clearly erroneous. Therefore, based on that finding, his plea was not involuntary due to coercion, and his postconviction motion was properly denied.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.